UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HENRY L. NEWTON, | ) |
| Petitioner, | ) |
| v. | ) No. 2:20-cv-00026-JMS-DLP |
| WARDEN, | ) |
| Respondent. | ) |

**Order Granting Motion to Dismiss, Denying Motions for Counsel,
and Dismissing Petition for a Writ of Habeas Corpus**

Henry L. Newton is in state custody serving a sentence for burglary. He filed this 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his conviction.

### I. Background

The Indiana Court of Appeals summarized the evidence against Mr. Newton:

About midnight on April 13, 2012, thirty-six-year-old Henry Newton, armed with a gun, broke into eighty-two-year-old James Moll's home and threatened to kill him. Newton took Moll into the bathroom, tied his hands behind his back with an extension cord, and placed him on the floor on his back with his head against the end of the bathtub. Newton then took two debit cards from Moll's wallet, demanded that Moll give him the PIN to each card, and left Moll's house when Moll complied with his demand.

Moll eventually freed himself around 8:30 the following morning and contacted the police. Evansville Police Department Detective Brent Melton was dispatched to Moll's home. When Moll told him about the stolen debit cards, Detective Melton contacted Fifth Third Bank. Three days later, the Bank notified Detective Melton that someone had withdrawn money from Moll's accounts by using the debit cards at two different ATM's. One card was used at an ATM near Moll's house about ten minutes after he was robbed, and the other card was used at an ATM at Casino Aztar about 9:30 the following morning. Evansville Police Department Detectives Tony Walker and Doug Hamner watched the video surveillance footage from both ATM's and both detectives recognized Newton as a potential witness in a prior unrelated case. Detective Hamner also recognized Newton from the local library where the detective worked as an off-duty security officer.

> Detective Melton arrested Newton at Newton's hotel room at approximately 11:30 a.m. on May 9, 2012. A judge issued a search warrant at 3:50 p.m. that same day. Detectives Melton and Hamner then searched Newton's room. During the search, the detectives found a fleece jacket with a distinctive New Orleans, LA, USA logo, a light blue button down shirt, a gray, red and white jacket, and a pair of black pants, all worn by Newton when he withdrew cash from the ATM's using Moller's debit cards as shown in the surveillance videos. Detective Melton left a copy of the search warrant in Newton's motel room.

*Newton v. State*, 2013 WL 4631976, *1 (Ind. Ct. App. Aug. 30, 2013).

The jury found Mr. Newton guilty of burglary as a Class A felony, robbery as a Class B felony, and theft as a Class D felony. *Id.* at *2. The trial court sentenced him to concurrent prison terms of 65 years for burglary (enhanced 30 years for Mr. Newton's habitual offender status), 12 years for robbery, and 2 years for theft. *Id.*

On direct appeal, Mr. Newton argued that his convictions for both Class A burglary and Class B robbery violated Indiana double jeopardy principles, that the trial court erred in denying his motion to suppress evidence found during the motel room search, that he was convicted based on insufficient evidence, and that the trial court erred in denying a motion for mistrial. *See id.* at *3−5. The Indiana Court of Appeals agreed with his double jeopardy argument, reducing the robbery conviction to a Class C felony and reducing the corresponding sentence accordingly. *Id.* at *2. Otherwise, the Court affirmed. *Id.* at *5. The Indiana Supreme Court denied Mr. Newton's ensuing petition to transfer. Dkt. 10-2 at 4.

On post-conviction review, Mr. Newton alleged that trial and appellate counsel were ineffective in several regards. *See Newton v. State*, 2019 WL 3418770, *3 (July 30, 2019). The post-conviction trial court denied relief following a hearing. *Id.* Mr. Newton raised similar allegations on post-conviction appeal, and the Indiana Court of Appeals affirmed. In his petition to transfer to the Indiana Supreme Court, Mr. Newton presented the following issues:

> l. May non-disclosed video evidence that has been altered be used as a means of identification of an unknown suspect in the furtherance of a crime?

    ll.    May an inference be drawn by the Trier of Facts where necessary elements of the charged crime fail to be presented?

    Ill.    May the guilty verdict for Burglary Resulting in Bodily Injury be considered irreconcilably inconsistent with the acquittal of Armed Robbery, where the acquittal logically negates the existence of an element necessary to the proof under the count as to which conviction was had?

    IV.    May a magistrate operate with the judicial authority of the Court without the Court appointing the magistrate Special Judge or Judge Protempore?

Dkt. 10-9 at 2. The Indiana Supreme Court denied leave to transfer. Dkt. 10-6 at 9−10.

Mr. Newton then filed a § 2254 petition in this Court alleging that (1) trial and appellate counsel were ineffective, (2) the trial court improperly admitted video footage of him using the victim's debit card at a casino, and (3) the magistrate judge had no authority to exercise jurisdiction over his case. The respondent moved to dismiss, arguing that Mr. Newton's ineffective assistance claim is procedurally defaulted and that his remaining claims are not cognizable on federal habeas review.

## II.    Applicable Law

A federal court may grant habeas relief to a habeas petitioner in custody pursuant to a state court judgment only if the petitioner is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a).

If a petitioner raises a claim in a § 2254 petition without first presenting it through "one complete round of the State's established appellate review process," the claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Hicks v. Hepp*, 871 F.3d 513, 530−31 (7th Cir. 2017). Mere presentment is not enough; a petitioner must *fairly* present the claim. That is, he must "alert[ ] the [state] court to the alleged federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 33 (2004). A petitioner cannot obtain relief on a procedurally defaulted claim without showing either "cause and prejudice" to excuse the default or "that the court's failure to

3

consider the defaulted claim would result in a fundamental miscarriage of justice." *McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013).

### III. Discussion

#### A. Procedural Default

The respondent argues that Mr. Newton procedurally defaulted his ineffective assistance claim by failing to present it to the Indiana Supreme Court. Indeed, Mr. Newton's petition for leave to transfer made no complaints whatsoever about counsel's performance, let alone a federal constitutional claim that counsel was ineffective. *See generally* dkt. 10-9.

No matter, according to Mr. Newton, because he presented his ineffective assistance of counsel claim on post-conviction appeal. In support, he cites *Lockridge v. State* for the proposition that "[a] petition for transfer constitutes a request to [the Indiana Supreme Court] to review a decision of the Court of Appeals in its entirety." 809 N.E.2d 843, 844 (Ind. 2004); *see* Dkt. 14 at 5 (response to motion to dismiss). This line from *Lockridge* explains that *after* the Indiana Supreme Court has accepted transfer, a party may raise any claim that could have been raised in the Indiana Court of Appeals, regardless of whether it was raised in the petition to transfer. Indeed, *Lockridge*'s citation for this proposition is Rule 58(a) of the Indiana Rules of Appellate Procedure, which provides, "'Upon a *grant* of transfer, the Supreme Court shall have jurisdiction over the appeal and all issues as if originally filed in the Supreme Court.'" 809 N.E.2d at 844 (quoting Ind. R. App. P. 58(a)) (emphasis added). If the Indiana Supreme Court granted Mr. Newton's petition to transfer, then he would not have been barred from presenting his ineffective assistance of counsel claim, even though he failed to raise it in his petition to transfer. But that does not change the fact that he failed to argue ineffective assistance of counsel in his petition to transfer. And for 28 U.S.C. § 2254 purposes, Mr. Newton's failure to raise the claim in his petition to transfer means the claim

is procedurally defaulted. *Hinesley v. Knight*, 837 F.3d 721, 735−36 (7th Cir. 2016) (Indiana petitioner's ineffective assistance of counsel claim procedurally defaulted, despite full and fair presentment in the Indiana Court of Appeals, because petitioner mentioned *Strickland* only "in passing" in his petition to transfer to the Indiana Supreme Court).

Mr. Newton could avoid the procedural default by showing either "cause and prejudice" to excuse the default or "that the court's failure to consider the defaulted claim would result in a fundamental miscarriage of justice." *McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013). But he has alleged neither, and neither is apparent from the record. Accordingly, the Court denies Mr. Newton's ineffective assistance of counsel claim as procedurally defaulted.

### B.     Failure to Allege Constitutional Violation

The respondent argues that Grounds 2 and 3 are not cognizable because they do not allege federal constitutional violations. *See* 28 U.S.C. § 2254(a).

Ground 2 of the petition asserts, "The Lower Court unreasonably determined facts finding Trial court did not commit[] Fundamental error." Dkt. 2 at 5. As supporting facts, Mr. Newton alleges,

> The magistrates overruled the objection of Henry to the admittance of state's exhibit 28 into evidence, where the exhibit was never disclosed to Henry, and it had an inaccurate timestamp. The exhibit purported to be surveillance footage of casino Aztar on a specific day at a specific time recording in real time the act of unauthorized usage of a debit card that was obtained from a burglary. Henry was identified in connection with the information charged against him only by way of this footage.

*Id.* Read in the light most favorable to Mr. Newton, this claim alleges that the trial court failed to properly sanction the state for a discovery violation. But this allegation implicates state, not federal law, and therefore cannot form the basis for federal habeas relief. *Johnson v. Acevedo*, 572 F.3d 398, 402 (7th Cir. 2009) ("As for the fact that the prosecution did not perform its obligations in

5

discovery: A violation of state law is not the basis for federal collateral relief."); *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

Mr. Newton argues in his reply that Ground 2 alleges a *Brady* violation. Dkt. 14 at 15−23. But even if Mr. Newton intended to raise a *Brady* claim, he failed to allege—let alone show—the elements of such a claim. A *Brady* violation occurs when "the state fail[s] to disclose material evidence helpful to the defense." *Snow v. Pfister*, 880 F.3d 857, 867 (7th Cir. 2018); (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). Mr. Newton alleges that the government failed to timely disclose inculpatory evidence—that is, evidence *un*helpful to the defense—before introducing it at trial. This claim does not allege a *Brady* violation, nor any other violation of federal law. Accordingly, it is not cognizable on federal habeas review. 28 U.S.C. § 2254(a).

Ground 3, which alleges that a state magistrate judge improperly presided over his trial, is likewise not cognizable on federal habeas review. Indiana law governs the conditions and limits for a magistrate presiding over a criminal trial. *See* Ind. Code §§ 33-23-5-5(14), 33-23-5-9 (2012).[1] Again, "a federal court may not issue the writ on the basis of a perceived error of state law." *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015) (cleaned up). Neither Ground 2 nor Ground 3 is cognizable on habeas review.

### IV. Motions for Counsel

Mr. Newton has filed two motions for the appointment of counsel. The Court may appoint counsel for a § 2241 petition when it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see Martel v. Clair*, 565 U.S. 648, 663 (2012) (noting that "the 'interests of justice' standard contemplates a peculiarly context-specific inquiry"). Here, Mr. Newton has

---

[1] Since the time of Mr. Newton's trial, the Indiana legislature has amended the relevant statutes, which now provide that "a magistrate has the same powers as a judge" except for "the power of judicial mandate." Ind. Code §§ 33-23-5-8, 33-23-5-8.5.

coherently argued his points, both in this Court and in state court. *See*, *e.g.*, dkt. 10-7 (appellant's brief on state post-conviction appeal); dkt. 14 (response to respondent's motion to dismiss § 2254 petition). And he does not raise any claim for which the appointment of counsel would greatly increase his chance of success. Accordingly, Mr. Newton's motions for counsel are **denied**.

V. Conclusion

Mr. Newton's motions for counsel, dkts. [4] and [13], are **denied**. The respondent's motion to dismiss, dkt. [10], is **granted**. Mr. Newton's petition for a writ of habeas corpus is **dismissed**. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 7/24/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

HENRY L. NEWTON
168936
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Caryn Nieman Szyper
INDIANA ATTORNEY GENERAL
caryn.szyper@atg.in.gov